# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
### DAVENPORT DIVISION

| | |
|---|---|
| DIRECTV, INC., a California limited liability company, ) ) ) | CIVIL NO. 4:12-CV-00325-HDV-TJS |
| Plaintiff, ) ) | |
| vs. ) ) | **REPORT AND RECOMMENDATION** |
| MICHAEL FLAIG, Individually and d/b/a BACK IN THE DAY, ) ) ) | |
| Defendants. ) | |

Pursuant to the order entered by United States District Judge Harold D. Vietor on December 14, 2012 (Clerk's No. 10), the undersigned magistrate judge submits this Report and Recommendation regarding the Motion for Default Judgment as to Michael Flaig, individually, and d/b/a Back In The Day (Clerk's No. 9), filed November 9, 2012.

## BACKGROUND

Plaintiff DIRECTV, LLC (DIRECTV) filed its Complaint against the defendants on July 20, 2012 (Clerk's No. 1).

On October 15, 2012 (Clerk's No. 5), an Affidavit of Service was filed in this case, and executed by Julia Roberts, an independent contractor for Absolute Serving, Des Moines. In that affidavit, Ms. Roberts stated that she had served the Summons in this case, along with a copy of the Complaint, on Defendant Michael Flaig on September 19, 2012 at 325 South Duncan, Hartford, Iowa, by service upon defendant's mother. Subsequently, an almost identical Affidavit of Service was filed on October 19, 2012 (Clerk's No. 6), signed by Julia McMahon, an independent contractor for Absolute Serving.

On October 22, 2012 (Clerk's No. 7), DIRECTV filed its Request for Clerk's Entry of Default, which was supported by affidavit. That same day, the clerk entered default against Defendants Michael Flaig, individually, and d/b/a Back In The Day. See, Clerk's Certificate (Clerk's No. 8).

Thereafter, on November 9, 2012 (Clerk's No. 9), DIRECTV filed its Motion for Entry of Default Judgment against defendants, and to which was annexed three affidavits, its memorandum in support of the motion, and other supporting documents including a proposed order for default judgment, along with a certificate of service (Clerk's No. 9-8), in which DIRECTV certified that the motion for default judgment, as well as the supporting documents, had been served upon Defendant Michael Flaig on November 9, 2012.

## FINDINGS

Defendants Michael Flaig, individually, and d/b/a Back In The Day have made no appearances in this Court, either personally, or by lawyer. Defendants have filed no motions for relief from any requested actions filed by DIRECTV, and at the time of the evidentiary hearing on January 24, 2013, at the United States Courthouse, Des Moines, Iowa, Michael Flaig did not appear in person on his own behalf, or on behalf of Back In The Day, or by counsel.

The January 24, 2013 hearing was set by Text Order (Clerk's No. 11) filed January 3, 2013, and in which this magistrate judge directed the Clerk of the Court to send a copy of the Text Order directly to Defendant Flaig.

Plaintiff's affidavit in support of the motion for default judgment (Clerk's No. 9-1) adequately supports entry of default judgment against defendants, as well as the level of damages

that should be awarded. That affidavit, executed by Kent P. Mader, Vice President of Risk Management for DIRECTV, establishes the following:

DIRECTV broadcasts by satellite service 225 channels of television and other programming within the United States. The company offers different satellite television packages, as well as premium movie channels, including but not limited to Home Box Office, Showtime, local channels, and specialized sporting packages, including but not limited to NFL Sunday Ticket, NBA League Pass, and MLB Extra Innings.

Defendant Flaig, who had a residential programming contract or agreement with DIRECTV, did not have an agreement to exhibit or use that residential programming facility in a commercial setting.

An auditor for DIRECTV observed two televisions in Flaig's establishment, Back In The Day, on June 24, 2011, and one of which was exhibiting DIRECTV satellite programming for public viewing.

After DIRECTV received the auditor's report, a search of its records determined that there was no commercial account for Back In The Day located at 107 South Jefferson, Pleasantville, Iowa 50225, but in fact there was a residential account in the name of Michael Flaig, the owner of Back In The Day, for service at 450 Jefut, Pleasantville, Iowa 50225, account number 007200668, originally activated September 26, 1998.

Based on the report of the auditor, and the affidavit executed by Mader, the Court agrees with DIRECTV, and concludes that Defendant Flaig used a residential DIRECTV account for commercial purposes in an establishment he owned, Back In The Day.

DIRECTV has established that the residential agreement or contract was for a residential unit, while the observation made by the auditor occurred in the commercial establishment owned and operated by Flaig at an entirely different address in Pleasantville, Iowa.

It is the finding of this magistrate judge that DIRECTV has established the proper basis for entry of default judgment against Michael Flaig, individually and d/b/a Back In The Day, and should be awarded damages as follows:

1. Attorney fees in the amount of two thousand seven hundred twenty-seven dollars and 50 cents ($2727.50), pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

2. Defendant has established that it is entitled to damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) for unlawful exhibition for commercial advantage of DIRECTV's broadcast, and that DIRECTV is entitled to $10,000.00 for this violation.

3. Defendant has elected to totally ignore the allegations brought against him in this Court, and has failed and refused to appear and defend against the allegations established by DIRECTV through the affidavits in support of its Motion for Entry of Default Judgment, that defendant has willfully engaged in the act of utilizing residential satellite television service for commercial advantage and profit.  Consequently, this magistrate judge finds that pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) DIRECTV is entitled to additional statutory damages in the amount of $30,000.00 for the intentional unlawful exhibition of DIRECTV satellite programming on June 24, 2011.

IT IS THEREFORE THE RECOMMENDATION OF THE UNDERSIGNED MAGISTRATE JUDGE as follows:

Judgment be entered against Defendants Michael Flaig, individually and d/b/a Back In The Day in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

IT IS FURTHER RECOMMENDED that judgment be entered against Defendant Michael Flaig, individually and d/b/a Back In The Day for an additional $30,000.00 pursuant to 47

U.S.C. § 605(e)(3)(C)(ii), because of the willful violation committed by defendants for direct or indirect commercial advantage or private financial gain.

IT IS ALSO RECOMMENDED that DIRECTV be awarded attorney fees in the amount of $2,727.50.

IT IS ORDERED that Defendant Michael Flaig, individually and d/b/a Back In The Day, have to and including February 19, 2013 in which to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F.Supp. 1269, 1276 (E.D. Mo. 1997).   Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made, and must set forth the basis for such objections.  See, Fed.R.Civ.P. 72; Thompson, 897 F.2d at 357.   Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.   Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n. 1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

**DATED** this 28th day of January, 2013.                    Respectfully submitted,

                                                                                    _____
                                                                                    THOMAS J. SHIELDS
                                                                                    UNITED STATES MAGISTRATE JUDGE